IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO MARQUIS RICHARDS, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. ) 2:18-CV-842-ECM-SRW ) (WO) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I. INTRODUCTION

Before the court is Antonio Marquis Richards' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons discussed below, the court recommends that Richards's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

### II. BACKGROUND

In August 2015, a grand jury in the Middle District of Alabama returned an indictment charging Richards with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count 1); one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); and one count of aiding and abetting, brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 3). Doc. 9-1.

---

[1] References to document numbers ("Doc.") are to the document numbers of the pleadings, motions, and other materials in the court file as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the hard copy of the document presented for filing.

On January 5, 2016, Richards pled guilty pursuant to a plea agreement to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, as charged in Count 1 of the indictment, and aiding and abetting brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)), as charged in Count 3 of the indictment. Doc. 9-4. As part of the plea agreement, the government dismissed Count 2 of the indictment. The predicate crime of violence for Richards's § 924(c) conviction under Count 3 was the Hobbs Act robbery charged in Count 2. *Id*. at 11–12; Doc. 9-1 at 3–4.

After a sentencing hearing on June 1, 2016, the district court sentenced Richards to 117 months in prison, consisting of 33 months on Count 1 and 84 months on Count 3, with the terms to run consecutively. Doc. 9-7; Doc. 9-9 at 2–3. Richards did not appeal.

On July 25, 2018, Richards filed this § 2255 motion presenting claims that (1) he received ineffective assistance of counsel, and (2) in light of *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), his § 924(c) conviction on Count 3 is invalid because the predicate crime for that conviction was not "a crime of violence." Docs. 1, 2. In *Johnson*, the Supreme Court held that the so-called residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *See* 576 U.S. at 597. In *Dimaya*, the Supreme Court applied the reasoning of *Johnson* to find that the residual clause of the "crime of violence" definition in 18 U.S.C. § 16(b) is unconstitutionally vague. *See* 138 S. Ct. at 1210–11.

In April 2020, Richards amended his § 2255 motion to argue that his § 924(c) conviction is invalid under the Supreme Court's then-recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Doc. 17.

Prior to the Supreme Court's decision in *Davis*, under 18 U.S.C. § 924(c)(3)(A) and (B), a "crime of violence" was an offense that is a felony and (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The former clause is referred to the "use-of-force" or "elements" clause, and the latter clause as the "residual clause." *Davis*, 139 S. Ct. at 2324

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court extended its decision in *Johnson* to 18 U.S.C. § 924(c) and held that the residual clause in § 924(c)(3)(B), like the ACCA's residual clause, is unconstitutionally vague, abrogating the Eleventh Circuit's decision in *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018), which held the opposite. *Davis*, 139 S. Ct. at 2336. The Eleventh Circuit has since held that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Hammond*, 931 F.3d 1032, 1038–40 (11th Cir. 2019).

### III.  DISCUSSION

**A.    Richards's § 924(c) Conviction**

Richards claims that his § 924(c) conviction on Count 3 of the indictment is invalid because the predicate "crime of violence" for that conviction was not a crime of violence. Docs. 1, 2, 17. Richards's claim is based on a misapprehension of the facts of his case. Richards asserts that the predicate "crime of violence" for his § 924(c) conviction on Count 3 was conspiracy to commit Hobbs Act robbery, the charge in Count 1 of the indictment. Doc. 2 at 4–5. While it is undoubtedly true that conspiracy to commit Hobbs Act robbery is not a crime of violence for purposes of § 924(c), *see, e.g., Brown v. United States*, 942

3

F.3d 1069, 1075–76 (11th Cir. 2019), conspiracy to commit Hobbs Act robbery was *not* the predicate crime for Richards's § 924(c) conviction. The predicate crime of violence for Richards's § 924(c) conviction on Count 3 was the Hobbs Act robbery charged in Count 2 of the indictment, as specifically alleged in Count 3. Doc. 9-1 at 3–4; Doc. 9-4 at 11–12. And, at the change of plea hearing, when advising Richards of the elements of the § 924 charge in Count 3, the court explained that the predicate crime of violence for that charge was the Hobbs Act robbery charged in Count 2. *See* Doc. 9-4 at 11–12, 14.

It makes no difference that, as part of Richards's plea agreement, the government dismissed Count 2 of the indictment, because a valid conviction under § 924(c) does not require that the defendant be convicted of—or even charged with—the predicate crime of violence. *Valdes v. United States*, 793 F. App'x 997, 998 (11th Cir. 2020) (affirming denial of § 2255 motion and finding that petitioner's § 924(c) conviction was supported by a predicate crime of violence where the petitioner was charged with, but not convicted of, Hobbs Act robbery; the indictment listed both Hobbs Act conspiracy and Hobbs Act robbery as predicate offenses for the § 924(c) charge; and the petitioner "admitted facts sufficient to support a conviction for substantive Hobbs Act robbery, which is a crime of violence"); *see also In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (finding that dismissed charge was a valid predicate offense for a § 924(c) conviction)). Although Richards pled guilty to one count of conspiracy to commit Hobbs Act robbery (Count 1) and one count under § 924(c) (Count 3), the indictment and the guilty plea proceedings establish that the predicate crime of violence for his § 924(c) conviction on Count 3 was the Hobbs Act robbery charged in Count 2

4

Nothing in the Supreme Court's holding in *Davis* regarding the unconstitutionality of the residual clause of 18 U.S.C. § 924(c)(3)(B)—and nothing in the holdings of *Johnson* and *Dimaya*—invalidates Hobbs Act robbery as a "crime of violence" under the use-of-force clause of 18 U.S.C. § 924(c)(3)(A). Also, binding Eleventh Circuit precedent has established that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (holding that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause). That binding precent is dispositive of Richards's claim here.

A federal prisoner raising a claim under *Davis* cannot show that he was sentenced under § 924(c)(3)(B)'s residual clause if current binding precedent establishes that his predicate offense qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A). *See In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019). *Saint Fleur* is binding precedent in this circuit. Therefore, nothing in *Davis* (or in *Johnson* or *Dimaya*) provides relief for Richards's § 924(c) conviction.

Finally, it does not matter that the predicate crime of violence for Richards's § 924(c) conviction was *aiding and abetting* the Hobbs Act robbery. The Eleventh Circuit has repeatedly held that where the companion substantive offense qualifies as a crime of violence under the use-of-force clause, aiding and abetting the companion substantive offense equally qualifies as a crime of violence under the use-of-force clause. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (specifically holding that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) because a substantive conviction of Hobbs Act robbery is a crime of violence); *see also, e.g., Steiner v. United*

5

*States*, 940 F.3d 1282, 1293 (11th Cir. 2019). Richards's aiding and abetting Hobbs Act robbery, as charged in Count 2, qualified as a crime of violence under the use-of-force clause in § 924(c)(3)(A). Therefore, his § 924(c) conviction under Count 3 remains valid.

**B.      Ineffective Assistance of Counsel Claim**

Richards' § 2255 motion asserts as its first ground, "Ineffective Assistance of Counsel." Doc. 1 at 4. However, no facts explaining this claim are set forth in the § 2255 motion. While the § 2255 motion says, "See Attached Memorandum in Support of § 2255 Petition," Richards's supporting memorandum (Doc. 2) makes no mention of a claim of ineffective assistance of counsel. None of the pleadings filed by Richards elaborate on a claim of ineffective assistance of counsel. The complete absence of supporting facts or arguments precludes the grant of any relief on Richards's claim of ineffective assistance of counsel.

Moreover, because this claim does not rely on a retroactively applicable Supreme Court decision (unlike Richards's above-discussed claim relying on *Davis*'s retroactive holding), Richards's claim of ineffective assistance of counsel is time-barred under the one-year statute of limitations in 28 U.S.C. § 2255(f).[2] The statute of limitations for § 2255

---

[2] The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitation period for filing a motion under 28 U.S.C. § 2255. *See Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

motions applies on a claim-by-claim basis. *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017); *see Zack v. Tucker*, 704 F.3d 917, 923–24 (11th Cir. 2013). Richards' judgment of conviction was entered by the district court on July 6, 2016. Doc. 9-9. Richards had 14 days to file a direct appeal, but he did not do so. *See* Fed. R. App. P. 4(b)(1)(A). The judgment of conviction became final—and the statute of limitations in § 2255(f)(1) began to run—when the time to appeal expired—*i.e.*, on July 20, 2016. Richards therefore had until July 20, 2017 to present his ineffective assistance of counsel claim in a § 2255 motion. He filed his § 2255 motion on July 25, 2018. Therefore, his claim of ineffective assistance of counsel is time-barred from consideration by the court.

## IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Richards be DENIED and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **July 7, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 22nd day of June, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge